CAPE RESORT HOTELS, INC. *vs.* ALCOHOLIC LICENSING BOARD OF FALMOUTH (and a companion case). March 18, 1983. This court has previously considered the operation of the business of Cape Resort Hotels, Inc., as a nonconforming use under the zoning by-law of the town of Falmouth. *Cape Resort Hotels, Inc.* v. *Alcoholic Licensing Bd. of Falmouth,* 385 Mass. 205 (1982). There we reversed the prior judgments of the Superior Court and remanded the case for the entry of new judgments. We said that "[i]n fashioning a revised injunction, the judge should seek to ensure that Cape Resort operates its facility as a hotel, with primary focus on lodging, meals, and entertainment for overnight guests. Any upgrading of the hotel which is reasonably adapted to these functions would be permissible. Thus, dining facilities may be open to the public and in conjunction with these facilities music and alcoholic beverages may be provided." *Id.* at 226. The case is now before us on appeal from the judgment after remand. The revised injunction goes slightly beyond the scope of our prior decision. We therefore order that the judgments after remand be modified by striking paragraphs 9, 10, 18 and 19 in their entirety and by striking the phrase "from a service bar only," from the end of paragraph 12.

Except as modified herein the judgments are affirmed.

*So ordered.*

*Michael D. Kelly* for Cape Resort Hotels, Inc.

*Edward W. Kirk (Frank K. Duffy, Jr.,* with him) for Falmouth Heights-Maravista Improvement Association.